UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRI MONTAGUE DURDEN,

    Plaintiff,

v.

CITY OF ST. LOUIS, et al.,

    Defendants.

Case No. 23-10181
Honorable Laurie J. Michelson

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT [1]

Torri Montague Durden is currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. He filed suit against the City and several correctional officers for violations of his constitutional rights under 42 U.S.C. § 1983. (*See generally* ECF No. 1.)

Durden alleges that in December of 2022, he was the victim of an unprovoked attack by another inmate, who Durden subdued until a correctional officer arrived on the scene. (*Id.* at PageID.7.) But when the officer arrived, he issued a fighting misconduct ticket to Durden and placed him in segregation for seven days. (*Id.*; *see also id.* at PageID.16 (misconduct ticket).) About a week later, a hearing officer concluded that Durden was not guilty of any misconduct because he acted in self-defense. (*Id.* at PageID.17–19 (misconduct hearing report).) After reviewing a video of the incident, the hearing officer explained that Durden had been faced with "lethal force[,]" "did everything possible to keep [the attacker] away[,]" and "did not have a reasonable alternative to the use of force." (*Id.* at PageID.19.)

Durden now sues the City and several officers involved in this incident for violations of his Eighth and Fourteenth Amendment rights. (ECF No. 1, PageID.4, 7.) In particular, Durden says he was subject to cruel and unusual punishment and was denied due process because of the unwarranted misconduct ticket and unnecessary time in segregation. (*Id.* at PageID.7.) Durden has been granted leave to proceed without prepayment of the filing fee due to his indigence. (ECF Nos. 2–3.)

## I.

When a Court grants an application to proceed without prepayment of the filing fee, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

## II.

In undertaking its initial screening of the complaint, the Court will consider each of Durden's claims in turn.

### A.

First, Durden argues that the City of St. Louis is "liable as a municipal policymaker governing the state prison." (ECF No. 1, PageID.5.) This claim fails for a couple of reasons.

For starters, Durden's allegation that the City governs the "state" prison is wholly conclusory. *See Iqbal*, 556 U.S. at 664 (explaining that "mere conclusions" are not entitled to the assumption of truth). Indeed, that is not true; the Michigan Department of Corrections governs the prison. *See Blaylock v. Adams*, No. 1:22-CV-234, 2022 WL 1137041, at *2 (W.D. Mich. Apr. 18, 2022) (explaining that the St. Louis Correctional Facility is "operated by the MDOC"); Prisons, Michigan Department of Corrections, https://perma.cc/3CDJ-7Q7V (listing St. Louis Correctional Facility as a

3

prison under MDOC's control).[1] And if there were any doubt, Durden alleges that the officers violated "policy 03.03.105." (ECF No. 1, PageID.7.) That presumably refers to "Policy Directive 03.03.105," which outlines MDOC's policies and procedures for prisoner discipline. *See* Policy Directive 03.03.105, Michigan Department of Corrections, https://perma.cc/AT8L-9Z3S (effective Apr. 18, 2022). So Durden has failed to adequately plead that the City of St. Louis is the "policymaker" for the prison and, thus, it cannot be held liable for MDOC's policies.

And even if the City was the policymaker, Durden has not stated a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). This is all the complaint has to say on this point: "Pursuant to Policy 03.03.105, my actions did not warrant a fighting misconduct, . . . [leading to] the many deprivations that ensued during my 7 days of segregation caused by the actions of the involved individuals. The City of St. Louis is responsible due to the actions of the institutional staff being pursuant to some policy and the City being the municipal policymaker." (ECF No. 1, PageID.7.) For starters, "a municipality is liable only for its own wrongdoing, not the wrongdoings of its employees." *See Morgan v. Fairfield Cnty., Ohio*, 903 F.3d 553, 565 (6th Cir. 2018). This means that the "actions of the institutional staff" are only

---

[1] The Court may take judicial notice of the fact that MDOC controls the St. Louis Correctional Facility because this information can be determined from sources that cannot reasonably be questioned, i.e., MDOC itself. *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]in order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts which are not subject to reasonable dispute."); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

4

relevant if they can be attributed to the City. True, one way to do that is to identify a policy or custom that harmed the plaintiff. *See id.* But merely alleging that constitutional violations stemmed from "some policy" is not enough to state such a claim. *Id.* at 566 (explaining that, to state this type of *Monell* claim, plaintiffs must "(1) *identify the municipal policy* or custom, (2) connect the policy to the municipality, and (3) show that their particular injuries were incurred due to execution of that policy" (cleaned up) (emphasis added)). So Durden has not stated a claim against the City.

And to the extent that Durden may have wished to sue MDOC instead, any claims against it would be barred. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (explaining that MDOC is immune from § 1983 suits under the Eleventh Amendment and is not a "person" subject to suit under § 1983) (collecting cases).

Accordingly, any claims against the City of St. Louis will be dismissed.

**B.**

Durden has not stated a claim under the Eighth Amendment either. Durden says it was cruel and unusual for an officer to issue a false misconduct ticket to him and then place him in segregation for seven days. Neither allegation is sufficient to state a claim.

To move beyond the pleading stage for an Eighth Amendment claim, "an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Alleging that prison conditions "are

5

restrictive and even harsh" does not suffice because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* In other words, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Durden's deprivations were "not extreme and were no more than temporary inconveniences." *See Powell*, 720 F. App'x at 228. For one, "[t]he Sixth Circuit has held that the filing of a false misconduct report does not constitute punishment under the Eighth Amendment." *Ford v. Kennerly*, No. 16-243, 2016 WL 3049311, at *19 (W.D. Mich. May 31, 2016) (citing *Williams v. Reynolds*, 198 F.3d 248 (6th Cir. 1999) (unpublished table decision) (holding that "neither verbal harassment or threats nor the filing of a false misconduct report constitute punishment within the context of the Eighth Amendment") (cleaned up)); *Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001) (holding that a prisoner's claim that he was punished on the basis of a false misconduct report failed to state an Eighth Amendment violation).

For two, "[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Harden-Bey*, 524 F.3d at 795. And in any case, Durden did not allege that he suffered any physical injury while in segregation, which is required to support such a claim. *See id.* ("Even if we read his complaint to allege emotional or mental injuries [from his placement in segregation],

6

Harden-Bey cannot bring an Eighth Amendment claim for such injuries because he did not allege a physical injury.").

This claim will be dismissed. *See McDaniel v. Bechard*, No. 15-13892, 2017 WL 5712898, at *5 (E.D. Mich. Nov. 28, 2017) (holding that "a false misconduct ticket and any temporary disciplinary confinement resulting from it do not constitute cruel and unusual punishment in violation of the Eighth Amendment").

## C.

For similar reasons, Durden has not stated a claim under the Fourteenth Amendment's Due Process Clause. The Due Process Clause does not protect "every administrative slight that occurs behind prison walls." *Harden-Bey v. Rutter*, 524 F.3d 789, 791 (6th Cir. 2008).

First, false accusations of misconduct "do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004); *see also Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *4 (6th Cir. Apr. 23, 2019). So even assuming that the officer issued a false misconduct ticket, Durden received a hearing on those charges eight days later. Durden does not suggest that the hearing came too late or was unfair, likely because the proceeding terminated in his favor.

Second, administrative segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *See Joseph v. Curtin*, 410 F. App'x 865, 867–68 (6th Cir. 2010). Accordingly, placement in segregation violates due process only when it imposes an "atypical and significant

7

hardship on an inmate in relation to the ordinary incidents of prison life." *Id.* (cleaned up); *see also Harden-Bey*, 524 F.3d at 793 (suggesting that indefinite confinement in segregation could violate an inmate's due process rights). The seven days Durden spent in segregation does not amount to an "atypical and significant" hardship. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that plaintiff's confinement in segregation for 30 days was not atypical or significant). The only other hardship Durden identifies is his disagreement with the misconduct ticket that landed him in segregation. But "[s]imply disagreeing with being placed in administrative segregation does not make it 'atypical and significant.'" *See Joseph*, 410 F. App'x at 868.

So this claim will be dismissed, too.

### III.

Even with the benefit of liberal construction, Durden's allegations are insufficient to state a claim for relief. Accordingly, the Court DISMISSES his complaint (ECF No. 1) without prejudice.

SO ORDERED.

Dated: May 10, 2023

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE